

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76440-3-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JEREMY GEBHARDT-STEADMAN, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 25, 2018 |

TRICKEY, J. — In December 2006, Jeremy Gebhardt-Steadman was found guilty of attempted failure to register as a sex offender in violation of RCW 9A.28.020 and former RCW 9A.44.130(10)(a).[1] In 2016, Gebhardt-Steadman moved to vacate the record of his conviction pursuant to RCW 9.96.060, and the trial court granted his motion. Because the plain language of RCW 9.96.060(2)(d) prohibits vacation of the records of misdemeanor or gross misdemeanor offenses, or attempts thereof, arising under chapter 9A.44 RCW, we reverse.

## FACTS

In 1993, Gebhardt-Steadman was convicted of first degree rape of a child and first degree incest. He was required to register as a sex offender for life following his release from confinement.

In November 2006, the State charged Gebhardt-Steadman with attempted failure to register as a sex offender. In December 2006, the trial court found

---

[1] See former RCW 9A.44.130(10)(a) (2006) (effective September 2006).

Gebhardt-Steadman guilty of gross misdemeanor attempted failure to register as a sex offender in violation of RCW 9A.28.020 and former RCW 9A.44.130(10)(a).[2]

In October 2016, Gebhardt-Steadman moved to vacate the record of his conviction of attempted failure to register as a sex offender pursuant to RCW 9.96.060. The State opposed Gebhardt-Steadman's motion, arguing that RCW 9.96.060(2)(d) precluded vacation of his record of conviction.

The trial court granted Gebhardt-Steadman's motion. The trial court reasoned in part that only felonies were considered sex offenses under RCW 9A.44.140, and that failure to register was not considered a sex offense under RCW 9.94A.030 or RCW 9.94A.525. The trial court concluded that Gebhardt-Steadman's conviction of attempted failure to register as a sex offender was not a sex offense, and thus did not bar his motion to vacate the record of his conviction.

The State appeals.

## ANALYSIS

### Vacation of Record of Attempted Failure to Register Conviction

The State argues that the trial court erred when it granted Gebhardt-Steadman's motion to vacate his conviction for attempted failure to register as a sex offender. We agree.

"Every person convicted of a misdemeanor or gross misdemeanor offense who has completed all of the terms of the sentence for the misdemeanor or gross misdemeanor offense may apply to the sentencing court for a vacation of the applicant's record of conviction for the offense." RCW 9.96.060(1).

---

[2] RCW 9A.28.020 defines criminal attempt, while RCW 9A.44.130 concerns registration of sex offenders and kidnapping offenders.

But "[a]n applicant may not have the record of conviction for a misdemeanor or gross misdemeanor offense vacated if . . . [t]he offense was any misdemeanor or gross misdemeanor violation, including attempt, of chapter 9.68 RCW (obscenity and pornography), chapter 9.68A RCW (sexual exploitation of children), or chapter 9A.44 RCW (sex offenses)." RCW 9.96.060(2)(d).

"The purpose of statutory interpretation is 'to determine and give effect to the intent of the legislature.'" State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (quoting State v. Sweany, 174 Wn.2d 909, 914, 281 P.3d 305 (2012)). When interpreting a statute, the court first looks to the "plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." Evans, 177 Wn.2d at 192.

Questions of statutory construction are reviewed de novo. Evans, 177 Wn.2d at 191.

Here, the plain language of RCW 9.96.060(2)(d) states that the record of a conviction for any misdemeanor or gross misdemeanor, or attempt thereof, arising under chapter 9A.44 RCW may not be vacated pursuant to RCW 9.96.060(1). Gebhardt-Steadman was found guilty of gross misdemeanor attempted failure to register as a sex offender, in part in violation of former RCW 9A.44.130(10)(a). Because attempted failure to register as a sex offender is an offense arising under chapter 9A.44 RCW, the plain language of RCW 9.96.060(2)(d) precluded the use of RCW 9.96.060(1) to vacate the record of Gebhardt-Steadman's conviction.

3

Gebhardt-Steadman argues that, as the trial court reasoned below, the scope of RCW 9.96.060(2)(d)'s reference to chapter 9A.44 RCW is limited by the inclusion of "(sex offenses)" following the citation. Specifically, he argues that the parenthetical indicates that RCW 9.96.060(2)(d) only applies to "sex offenses" as defined by RCW 9.94A.030(47), which sets forth a number of felonies and their out of state equivalents.

Gebhardt-Steadman's argument fails on several grounds. First, the parenthetical following RCW 9.96.060(2)(d)'s citation to chapter 9A.44 RCW mirrors the section caption of the chapter itself, which does not constitute part of the law. RCW 1.08.17(3).

Second, the parenthetical does not cite to RCW 9.94A.030(47) to define its use of the phrase "sex offense" or otherwise purport to limit the scope of its citation to chapter 9A.44 RCW. Rather, by its own language RCW 9.96.060(2)(d) pertains to any misdemeanor or gross misdemeanor violations of chapter 9A.44 RCW, rather than "sex offense" felonies under RCW 9.94A.030(47).

Third, Gebhardt-Steadman's interpretation of RCW 9.96.060(2)(d) does not make logical sense in the context of RCW 9.96.060. RCW 9.96.060(1) concerns the vacation of the record of conviction for a misdemeanor or gross misdemeanor offense. RCW 9.96.060(2) limits the application of RCW 9.96.060(1) by precluding the vacation of records of certain misdemeanors or gross misdemeanors, including those arising under chapter 9A.44 RCW. RCW 9.96.060(1) would never apply to felony sex offenses, as it only allows for the vacation of records of misdemeanors or gross misdemeanors. Thus, Gebhardt-Steadman's interpretation of RCW

9.96.060(2)(d) would exclude offenses that are already outside the scope of RCW 9.96.060(1).

Therefore, we reject Gebhardt-Steadman's interpretation of RCW 9.96.060(2)(d) and conclude that the trial court erred in granting Gebhardt-Steadman's motion to vacate the record of his conviction.

Reversed.

Trickey, J

WE CONCUR:

Appelwick, C.J.

Becker, J.

5